UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KELLOGG BROWN & ROOT SERVICES, INC. §<br>4100 Clinton Drive §<br>Building 01 - 5th Floor, Room 512-A §<br>Houston, Texas 77020 §<br>§<br>Plaintiff §<br>§<br>v. § Civil Action No. _____<br>§<br>WESTCHESTER FIRE INSURANCE §<br>COMPANY, INC. §<br>A New York Corporation, §<br>1325 Avenue of the Americas §<br>New York, New York 10019 §<br>§<br>SERVE: Registered Agent §<br>§<br>Defendant § | |

## COMPLAINT

Plaintiff Kellogg Brown & Root Services, Inc., by and through its attorneys, and for its Complaint against Westchester Fire Insurance Company, Inc., states as follows:

### PARTIES

1. Kellogg Brown & Root Services, Inc. ("KBRS") is a Delaware corporation with its principal place of business located in Houston, Texas.

2. Upon information and belief, defendant Westchester Fire Insurance Company, Inc. ("Westchester") is a New York corporation with its principal place of business located in New York. Upon further information and belief, Westchester sells and provides insurance and bonds in Texas, and is licensed as an out-of-state insurer and bonding company in Texas.

## JURISDICTION AND VENUE

3. This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

4. Venue in this judicial district is proper under 28 U.S.C. § 1391(a) because the defendant regularly conducts business within this judicial district and because there is a forum selection clause in the written agreement that forms the basis of the dispute between the parties designating Houston, Texas as the locale for any disputes.

## STATEMENT REGARDING ARBITRATION

5. The dispute which underlies this Complaint is subject to already pending arbitration proceedings in accordance with the Federal Arbitration Act and this Complaint is being filed solely for purposes of staying all applicable statute of limitations. Once service is confirmed upon the defendant, KBRS intends to file a Motion to Stay this action pending the outcome of the already pending American Arbitration Association proceedings between KBRS and Westchester.

## BACKGROUND ALLEGATIONS

6. In furtherance of the performance of a contract between KBRS and the National Reconnaissance Office of the Untied States Department of Defense, KBRS entered into Subcontract No. 304-2994-US94-SC-014 with Sanders Brothers, Inc. ("Sanders") dated July 24, 2006 ("the Subcontract") pursuant to which Sanders agreed to construct certain underground mechanical, electrical, plumbing, communications and related work at Cape Canaveral Air Force Station in Florida (the "Project"). A copy of the Subcontract is attached hereto as **Exhibit 1** and incorporated herein by reference.

7. Westchester provided to KBRS a Performance Bond (the "Bond") guaranteeing the performance of Sanders pursuant to the Subcontract. A copy of the Bond is attached hereto as **Exhibit 2** and incorporated herein by reference. The Bond named Sanders as the Principal, Westchester as the Obligor and KBRS as the Obligee. The Bond is incorporated by reference in the Subcontract.

8. In June 2008, deficiencies were observed in the work performed by Sanders. KBRS immediately demanded that Sanders correct the deficiencies, but Sanders denied any responsibility and refused to correct the deficiencies.

9. By letter dated August 6, 2008, KBRS notified Westchester of the material breaches by Sanders of the Subcontract and the defective work of Sanders. In the August 6, 2008 letter, KBRS notified Westchester of Sanders' refusal to correct the defective work, and provided Westchester with notice that KBRS intended to repair the defective work and to charge Sanders and Westchester for the costs to make good the defective Subcontract work of Sanders. Westchester never responded to the August 6, 2008 letter.

10. Pursuant to the terms of the Subcontract, KBRS proceeded to correct the deficiencies at its own expense.

11. On May 5, 2009, KBRS initiated arbitration through the American Arbitration Association ("AAA") of its claim against Sanders for reimbursement of the amounts spent to correct Sanders' deficient work. KBRS also included in the demand for arbitration a demand for attorneys' fees, interest, arbitration costs and other dispute resolution costs as provided for in the Subcontract.

12. An arbitrator was selected by agreement of the parties in accordance with the provisions of the Subcontract and the rules of the AAA, and arbitration hearings were held in Houston, Texas on December 15 – 17, 2009.

13. On January 22, 2010, an Interim Award was issued by the arbitrator awarding KBRS damages of $671,396.69. The Interim Award also included a finding that KBRS was entitled to recover reasonable attorneys' fees from Sanders and that the Final Award would assess American Arbitration Association fees, arbitrator compensation and expenses, and other arbitration costs pursuant to the Subcontract. A true and correct copy of the Interim Award is attached as **Exhibit 3** and is incorporated herein by reference.

14. On March 25, 2010, the arbitrator issued a Final Award in which he incorporated by reference the Interim Award of $671,396.69 to KBRS, and in addition awarded KBRS reasonable attorneys' fees and expenses in the sum of $295,128.00, directed that KBRS be reimbursed its proportionate share of arbitration fees and costs paid to the AAA in an amount of $19,417.68, for a total Final Award of $985,942.37, and granted post-award interest on all sums at the rate of 5% per annum to commence ten (10) days from the date of the Final Award until paid. A true and correct copy of the Final Award is attached as **Exhibit 4** and is incorporated herein by reference.

15. Sanders has, through the date of this filing, refused to pay KBRS the amount awarded KBRS in the arbitration proceedings.

16. Sanders failure to correct its defective work and Sanders failure to pay the Final Award represent defaults under the Subcontract.

17. By letter dated April 27, 2010, final demand was made upon Westchester to make payment to KBRS as a result of the defaults of Sanders. A copy of the April 27, 2010 letter is

attached hereto as **Exhibit 5** and is incorporated herein by reference. Despite such demand, Westchester has refused to make payment to KBRS.

## COUNT I
### (Breach of Contract – Westchester)

18. KBRS incorporates by reference the allegations contained in paragraphs 1 through 18 as though fully set forth herein.

19. The Bond constitutes an existing and valid contract between KBRS and Westchester.

20. The actions of Sanders as identified herein constitute multiple defaults under the Subcontract.

21. Westchester was notified by KBRS of Sanders' actions constituting defaults under the Subcontract.

22. Pursuant to the terms and conditions of the Bond, Westchester is obligated to remedy the defaults of Sanders under the Subcontract and make payment to KBRS of the Final Award rendered in the Arbitration.

23. Despite notice and opportunity, Westchester has failed and refused to make payment to KBRS.

24. As a result of Westchester's inaction and breach of its obligations pursuant to the Bond, KBRS has been damaged in the amount of $985,942.37, plus interest at the rate of 5% per annum commencing April 4, 2010.

25. In addition, pursuant to the Subcontract incorporated by reference into the Bond, and in accordance with Section 38.001(8) of the Texas Civil Practice and Remedies Code, KBRS is entitled to be awarded all attorneys' fees, costs and expenses incurred in bringing this action.

26. All conditions precedent required of KBRS to bring this lawsuit or make any claim on the Bond have been performed, have occurred, or are otherwise discharged.

WHEREFORE, KBRS requests that this Court enter judgment in its favor and against Westchester in an amount to be determined at trial, but in no event less than $985,942.37, plus interest at the rate of 5% per annum commencing April 4, 2010, including an award of its necessary and reasonable attorneys' fees, costs and expenses, and for such other and further relief as this Court deems appropriate and just.

Respectfully submitted,

**SERPE, JONES, ANDREWS, CALLENDER & BELL, PLLC**

BY:  /s/ Randall Jones
      Randall Jones
      State Bar Number:  10928700
      Fed. Bar No.:  9381
      Chad Castille
      State Bar No.:  24031920
      Fed Bar No.:  611096
      Three Allen Center
      333 Clay Street, Suite 3485
      Houston, Texas 77002
      Telephone:  (713) 452-4400
      Facsimile:  (713) 452-4499

**ATTORNEY FOR PLAINTIFF KELLOGG BROWN & ROOT SERVICES, INC.**